IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. ELLIOTT, | ) | |
|     Petitioner, | ) | Civil Action No. 7:15cv00478 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, | ) | United States District Judge |
|     Respondent. | ) | |

**ORDER**

This matter is before the court on *pro se* petitioner Christopher L. Elliott's motion for reconsideration of the memorandum opinion and order dismissing without prejudice his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Having reviewed the motion and pertinent parts of the record, the court denies the motion.

In 2011, Elliott pled guilty in the Augusta County Circuit Court to sodomy of a victim less than 13 years old, in violation of Virginia Code § 18.2-67.1, and two counts of object sexual penetration of a victim less than 13 years old, in violation of Virginia Code § 18.2-67.2. On September 20, 2011, the court sentenced Elliott to 30 years of incarceration, with 24 years suspended. Elliott did not appeal or file a state habeas petition.

Approximately four years later, in September 2015, Elliott filed a federal habeas petition challenging the voluntariness of his guilty plea and alleging that counsel provided ineffective assistance by pressuring him to plead guilty and failing to investigate his case. By memorandum opinion and order entered on October 20, 2015, the court dismissed the petition without prejudice as unexhausted. Thereafter, Elliott filed the instant motion arguing that the court should excuse his failure to exhaust state court remedies because he is actually innocent of the underlying criminal convictions.

In support of his claims of actual innocence, Elliott alleges that the crimes to which he pled guilty were committed on January 31, 2009, and that he could not have committed the crimes because he was incarcerated between December 2008 and November 2009. The court notes, however, that online state court records[1] show the offense date for all three crimes was January 1, 2008, not January 31, 2009, and that Elliott does not allege that he was incarcerated on January 1, 2008.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citations omitted). In this case, it is clear that Elliott did not present his claims to the Supreme Court of Virginia. However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to state court." *Id.* (citation omitted). Elliott does not allege that his claims would be procedurally barred under state law if he attempted to present them now.

Moreover, even if he could overcome the exhaustion requirement by alleging and showing that his claims would now be procedurally barred in state court, his petition would still fail. If Elliott did not comply with state procedures, then he is "barred from raising his claims in a federal habeas corpus petition . . . ." *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990); *see also Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Under a narrow exception to this bar, Elliott could obtain federal habeas review of a procedurally defaulted claim only if he shows

---

[1] *Commonwealth v. Elliott*, CR1100239-11, CR1100241-00, CR1100242-00 (Augusta Cnty. Cir. Ct. Sept. 20, 2011) (*available via* http://ewsocis1.courts.state.va.us/CJISWeb/MainMenu.do). *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

2

either (1) cause and prejudice, or (2) a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). He does not allege any cause and prejudice,[2] but he does allege a miscarriage of justice.

The "miscarriage of justice" exception is a narrow one. A habeas petitioner falls within this narrow exception if he can demonstrate that a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Murray*, 477 U.S. at 496. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). The Supreme Court has "caution[ed], however, that tenable actual-innocence gateway pleas are rare," and the "standard is 'demanding' and seldom met." *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013) (citing *House v. Bell*, 547 U.S. 518, 538 (2006)). In this case, Elliott's allegations of actual innocence are untenable given the online records. Certainly, he has not presented "clear and convincing evidence" that he is innocent. He thus cannot overcome his failure to exhaust or any procedural bar to his petition.

Accordingly, Elliott has asserted insufficient grounds for reconsideration and has shown no reason why the order denying habeas relief was incorrect. For these reasons, it is hereby ORDERED that Elliott's motion for reconsideration is DENIED.

---

[2] To show cause, a petitioner must demonstrate that there were "objective factors" external to his defense that impeded him from raising his claim at an earlier stage. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the alleged constitutional violation worked to his actual and substantial disadvantage, infecting his entire trial with error of a constitutional magnitude. *Id.* at 488. Elliott has not alleged or demonstrated either cause or prejudice.

3

The Clerk is directed to send a copy of this order to petitioner.

Entered: December 30, 2015.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge